UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION



Brian Evans,

Plaintiff,

v.

Chad R. Fitzgerald,

Kinsella Holley Iser Kump Steinsapir LLP,

Defendants.

CASE NUMBER: _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Brian Evans ("Plaintiff"), proceeding pro se, alleges as follows against Defendants Chad R. Fitzgerald and Kinsella Holley Iser Kump Steinsapir LLP ("Defendants"):

INTRODUCTION

1

This action arises from knowing, material, and false representations of fact made by Defendant Chad R. Fitzgerald, an attorney, to an arbitral forum and its administrators concerning the procedural status of a pending federal action in the United States District Court for the Southern District of Florida.

At the time the representations were made, Defendant Fitzgerald knew that they were false, verifiable, and directly contradicted by the public docket of the federal court and by his own contemporaneous communications.

These were not statements of legal opinion or advocacy. They were objectively verifiable statements of procedural fact concerning whether Creative Artists Agency has appeared through counsel in a pending federal case.

The misrepresentations were made to arbitrators and arbitration administrators, not to a court, and were designed to manipulate parallel proceedings by advancing arbitration while jurisdictional and arbitrability issues were actively pending before a United States District Court.

Following Defendant Fitzgerald's written communications to the arbitration administrators, Plaintiff was advised that the arbitrators were "looking into it," thereby confirming that Defendant Fitzgerald's representations triggered an active inquiry by a parallel tribunal. Although no arbitration has been commenced, Defendant Fitzgerald's conduct has caused ongoing and concrete harm in Florida by forcing Plaintiff to defend the integrity and procedural posture of his pending federal action through out-of-forum representations, creating a risk of inconsistent rulings, delay, and prejudice to the adjudication of Plaintiff's claims in this Court. Defendant Fitzgerald's actions were undertaken with the intent to influence proceedings affecting the Florida case and to undermine Plaintiff's federal action through extrajudicial

means, notwithstanding Defendant Fitzgerald's knowledge that the matter was properly before this Court. This action does not seek to relitigate the merits of the Florida federal case, but is brought solely to address out-of-forum conduct that interferes with the orderly adjudication of that pending action.

Defendant Fitzgerald's conduct constitutes fraud, fraud on a tribunal, and abuse of process, and was undertaken to improperly force Plaintiff into arbitration notwithstanding a live and pending federal action.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and its inherent authority to address misconduct that interferes with the integrity of federal judicial proceedings.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over related state-law claims.

This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Florida. Defendant Chad R. Fitzgerald is a citizen of California. Defendant Kinsella Holley Iser Kump Steinsapir LLP is a law firm organized and existing under the laws of California with its principal place of business in California, and is therefore a citizen of California. The amount in controversy exceeds $75,000 because Plaintiff seeks damages in the millions of dollars as a result of Defendants' intentional misconduct.

This Court has personal jurisdiction over Defendants because the conduct at issue was expressly directed at proceedings in the Southern District of Florida, concerned the status of a case pending in this District, and caused foreseeable harm to Plaintiff in this District.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this District.

Defendants' conduct was expressly aimed at influencing proceedings affecting a case pending in this District, and the brunt of the resulting harm has been felt by Plaintiff in Florida.

Defendant Fitzgerald's conduct was undertaken with knowledge that Plaintiff's pending federal action against Creative Artists Agency in this District seeks multimillion-dollar relief, and that diverting, delaying, or dismissing that action through an asserted arbitration based on a stipulated dismissal from an unrelated case would substantially impair Plaintiff's ability to obtain adjudication of those claims in the proper forum. By invoking a procedurally inapplicable stipulated dismissal outside the Florida court and directing it to a parallel tribunal, Defendant Fitzgerald created a material risk that Plaintiff would be deprived of the opportunity to litigate high-value claims pending before this Court, causing concrete and ongoing harm irrespective of whether arbitration is ultimately compelled.

**PARTIES**

Plaintiff Brian Evans is an individual and the plaintiff in a related federal civil action pending in the United States District Court for the Southern District of Florida.

Defendant Chad R. Fitzgerald is an attorney who, at all relevant times, acted as counsel for Creative Artists Agency, LLC and Steve Levine in matters outside the Florida action; he did not

4

appear in the Florida case, which was defended by separate Florida counsel for Creative Artists Agency, whose appearance Defendant Fitzgerald knew of at all relevant times.

Defendant Kinsella Holley Iser Kump Steinsapir LLP is a law firm responsible for the acts and omissions of its partners and agents committed within the scope of their representation.

## FACTUAL ALLEGATIONS

Plaintiff filed a civil action against Creative Artists Agency, LLC and Steve Levine in the United States District Court for the Southern District of Florida.

Creative Artists Agency, through separate Florida counsel, appeared in that Florida action by filing a motion, as reflected on the public docket of the Court. Defendant Fitzgerald was aware of that appearance and was contemporaneously communicating with Florida counsel regarding the Florida action at the time he made representations to the arbitration administrators.

Prior to sending the arbitration email at issue, Defendant Fitzgerald engaged in written communications concerning the Florida federal case in which he copied attorneys who had already formally appeared on behalf of Defendants in that case.

Those Florida attorneys had entered appearances before the Court at the time of those communications.

Notwithstanding that actual knowledge, on January 7, 2026, Defendant Fitzgerald sent an email to the arbitration administrators and opposing parties stating, in substance, that Defendants had "not yet formally appeared" in the Florida case.

That statement was objectively false at the time it was made.

It was false not only as a matter of public record, but as a matter of Defendant Fitzgerald's own contemporaneous communications copying Florida counsel who had already appeared in the federal case.

Defendant Fitzgerald therefore knew, or was consciously indifferent to the fact, that his representation to the arbitral forum was false when made.

The misrepresentation concerned a concrete procedural fact regarding the status of a pending federal action and was not subject to interpretation or opinion.

The statement was made to arbitrators and arbitration administrators while jurisdictional and arbitrability issues were actively pending before the United States District Court for the Southern District of Florida.

The purpose and effect of the misrepresentation was to create the false impression that the Florida case was dormant or unengaged, to justify advancing arbitration, and to influence a parallel tribunal through materially false procedural framing.

Defendant Fitzgerald's conduct was intentional and calculated, not negligent or inadvertent.

This conduct formed part of a broader pattern that included inconsistent representations to different tribunals, reliance on a procedurally defective and never-served stipulation, and attempts to advance one forum while asking another to stand still.

Plaintiff provided written notice of this misconduct and issued a litigation hold demand. Defendants did not retract or correct the false statements.

At no time has Defendant Chad R. Fitzgerald entered an appearance in the Florida federal action, sought pro hac vice admission, or filed any paper in that case. He has instead acted solely from California, outside this Court's supervision and authority, while purporting to influence the procedural posture of the Florida case by making representations to a separate arbitral forum concerning the status of that pending federal action.

In addition to falsely stating that Defendants had not yet appeared in the Florida action, Defendant Fitzgerald represented to the arbitral forum that he was unaware of, or had no meaningful knowledge of, the Florida federal case, despite contemporaneously corresponding with Florida counsel of record and copying them on emails concerning that very case. These statements were not made to any court, were not legal opinions or advocacy, and were not part of any filing or appearance; they were statements of purported fact made to a separate tribunal by a lawyer who had not appeared in the Florida case, and they were objectively false when made.

## CASE LAW

Courts have long recognized that fraud or misconduct which undermines the integrity of judicial proceedings is actionable even when it occurs outside the courtroom. In Marshall v. Holmes, the Supreme Court held that relief is available where extrinsic fraud threatens the fairness of adjudication, a principle later reinforced in Chambers v. NASCO, Inc., which confirmed that courts possess inherent authority to address bad-faith conduct intended to manipulate judicial proceedings, including conduct occurring beyond the court's immediate supervision. Similarly, in Roadway Express, Inc. v. Piper, the Court acknowledged that attorney misconduct designed to obstruct litigation or multiply proceedings warrants judicial intervention. Federal courts have further explained that fraud on a tribunal encompasses intentional conduct that interferes with the

judicial machinery itself, as articulated in Herring v. United States, and includes schemes calculated to divert or corrupt adjudication, as recognized in Aoude v. Mobil Oil Corp. Plaintiff's allegations that Defendant invoked a procedurally inapplicable stipulated dismissal from an unrelated case and directed it to a parallel forum to undermine a pending federal action fall squarely within these principles, as they describe an intentional effort to interfere with the proper functioning and authority of this Court.

Courts also recognize that access to the courts is a fundamental right protected from improper interference, as reaffirmed in Heck v. Humphrey, and that legal processes may not be weaponized to interfere with protected rights, as explained in Bill Johnson's Restaurants, Inc. v. NLRB. Where intentional conduct threatens a high-value legal right, courts have acknowledged that substantial damages exposure may follow, as illustrated by Pennzoil Co. v. Texaco, Inc., even where the interference targets the opportunity to adjudicate rather than the merits themselves. Personal jurisdiction and venue are proper where conduct is intentionally directed at a forum and the resulting harm is felt there, as established in Calder v. Jones, a standard satisfied by conduct aimed at influencing proceedings affecting a Florida federal case. Declaratory or injunctive relief is appropriate where parallel or threatened proceedings create uncertainty or risk to existing legal rights, as recognized in Dow Jones & Co. v. Harrods, Ltd., and damages may be available where extrajudicial conduct undermines the fair administration of justice, as in Harris v. Harvey. These principles align with the Restatement (Second) of Torts sections governing intentional interference, which courts apply to protect a party's expectancy of adjudication free from unjustified and extrajudicial disruption, precisely the harm Plaintiff alleges here.

## CAUSES OF ACTION

## FRAUD / INTENTIONAL MISREPRESENTATION

Defendants made false representations of material fact to an arbitral forum. The representations concerned objectively verifiable procedural facts.

Defendant Fitzgerald had actual knowledge of the falsity of the representations, as evidenced by his contemporaneous communications copying Florida counsel who had already appeared in the federal case.

The representations were made with the intent to induce reliance by arbitrators and arbitration administrators. Plaintiff suffered damages as a direct and proximate result of Defendants' conduct.

## FRAUD ON A TRIBUNAL

Defendant Fitzgerald knowingly misrepresented the procedural status of a pending federal action. The misrepresentation was made after Defendant Fitzgerald had engaged in communications with Florida counsel who had already appeared in that action. The conduct corrupted the integrity of adjudicative proceedings and interfered with the orderly administration of justice. Such conduct constitutes fraud on a tribunal.

## ABUSE OF PROCESS

Defendants used arbitration procedures for an improper and ulterior purpose. The process was used to circumvent judicial determination of jurisdiction and arbitrability by the United States District Court. Plaintiff suffered damages as a result of Defendants' abuse of process.

## DAMAGES

Plaintiff has suffered damages including legal expenses, procedural prejudice, delay, impairment of federal rights, and emotional distress. Plaintiff seeks $5,000,000 in damages.

Defendants' conduct was willful, knowing, and malicious, warranting the imposition of punitive damages.

## CONCLUSION

Defendants' conduct was not accidental, negligent, or a matter of advocacy or opinion. Defendant Fitzgerald knowingly made a false statement of objective procedural fact to a parallel tribunal concerning the status of a live federal case pending in this District, after having actual knowledge that counsel had already appeared in that case. The misrepresentation was made for the specific purpose of causing the arbitral forum to treat the Florida action as dormant or procedurally insignificant, to advance arbitration, and to create procedural momentum toward diverting, delaying, or extinguishing Plaintiff's federal case in this Court. Defendants' conduct was expressly aimed at this District and at proceedings in this Court, and Defendants knew and intended that any resulting harm would be felt in Florida, in this Court, and in Plaintiff's ability to maintain his federal action here. At all relevant times, Defendants were acting as agents and counsel in coordination with Defendants' clients and their Florida counsel as part of a two-forum strategy that pursued inconsistent procedural positions in different tribunals in order to manipulate forum outcomes. As a direct and proximate result of this misconduct, Plaintiff was forced to expend time and resources defending the integrity and procedural posture of his Florida case in a forum he did not choose, was subjected to the risk of inconsistent rulings and procedural default, and suffered delay, uncertainty, and impairment of his access to this Court. This action seeks to hold Defendants accountable for intentional, targeted interference with the

orderly administration of justice and with Plaintiff's right to have his claims adjudicated in the proper forum, and for abuse of adjudicative process undertaken in bad faith and for an improper purpose.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants, award compensatory damages, award punitive damages, award costs, and grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Brian Evans

January 20, 2026

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

belasvegas@yahoo.com