**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-20342-DSL

BRIAN EVANS,

Plaintiff,

v.

CHAD R. FITZGERALD, and
KINSELLA HOLLEY ISER KUMP
STEINSAPIR LLP,

Defendants.
_______________________________________/

# REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants Chad R. Fitzgerald and Kinsella Holley Iser Kump Steinsapir LLP's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 11).[1] Plaintiff filed a Response to the Motion, (ECF No. 14), to which Defendants filed a Reply, (ECF No. 15). The Motion is ripe for review. The undersigned convened a hearing on the Motion on June 5, 2026. Based upon the Parties' briefing and argument at the hearing, and being well advised in the premises, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**, without prejudice.

## I. BACKGROUND

This is an action for fraud, fraud on the tribunal, and abuse of process. (ECF No. 1). Plaintiff Brian Evans, proceeding *pro se*, claims that Defendants Chad Fitzgerald, an attorney, and the law firm for which he works ("KHIKS") caused him injury in the amount of at least

[1] This matter has been referred to the undersigned United States Magistrate Judge by the Honorable David S. Leibowitz, United States District Judge, to issue a report and recommendation. (ECF No. 17).

$5,000,000.00. The alleged cause of such injury: a January 7, 2026 email sent by Fitzgerald to Signature Resolutions, a provider of arbitration and mediation. Fitzgerald and KHIKS operate in California, as does Signature Resolutions. The email was sent from and received by its intended recipient in California. Plaintiff, a Florida resident, was copied.

The email itself references a related action pending in this District in which Plaintiff has sued Creative Artists Agency ("CAA") and a Mr. Steve Levine, who have retained Defendants as counsel to provide legal services in California. *See Evans v. Creative Artists Agency, LLC, et al.*, No. 1:25-cv-25484-DPG (filed Nov. 21, 2025). Fitzgerald's email relates that CAA and Levine "ha[d] not yet formally appeared in the Florida case" at the time the email was sent, and "ha[d] moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction." (ECF No. 1-2 at 2) ("[I]n the [ ] event that the motion to dismiss is denied, [CAA] will move the [d]istrict [c]ourt to compel arbitration."). The Complaint alleges that the email's representation, that CAA and Levine had yet to appear in the case, was false when made (and intentionally so). Counsel for both of those parties had filed a notice of appearance on December 3, 2025, shortly before filing their motion to dismiss. *See* (ECF Nos. 1 at 5–6, 1-2 at 9, 10). Plaintiff claims that the false email caused him "damages including legal expenses, procedural prejudice, delay, impairment of federal rights, and emotional distress." (ECF No. 1 at 10).

Defendants moved to dismiss this action, (ECF No. 11), asserting jurisdictional and merits-based arguments for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). As relevant here, they argue that Plaintiff's Complaint must be dismissed because it sets forth an inadequate basis for this Court's personal jurisdiction. They seek dismissal with prejudice.

As noted, the undersigned convened a hearing on the Motion on May 28, 2026. At the hearing, I queried defense counsel as to whether the Court could entertain the Motion's non-

jurisdictional arguments for dismissal, or its argument that this case should be transferred, if it first found that it lacked jurisdiction over Defendants. Plaintiff proffered that, if afforded the opportunity, he would amend his complaint to add facts in support of personal jurisdiction. Plaintiff proffered background leading to his initiation of suit against CAA; he considers Fitzgerald's out-of-forum email to be a surreptitious attempt to stall his prosecution of the related action in coordination with CAA's Florida counsel.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. Personal jurisdiction refers to a court's power over a defendant based on their connection to the forum state. *See Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1113 (11th Cir. 1990); *Diaz v. Inland Mgmt. Corp.*, No. 24-cv-61136, 2025 WL 3689531, at *2 (S.D. Fla. Mar. 9, 2025) (citing *Blueskygreenland Env't Sols., LLC v. 21st Century Planet Fund, LLC*, No. 12-81234-CIV, 2014 WL 1341277 at *2 (S.D. Fla. Apr. 4, 2014)). The Supreme Court has recognized two types of personal jurisdiction: general, or "all purpose" jurisdiction, and specific, or "case-linked" jurisdiction. *Iglesias v. Pernod Ricard*, No. 21-12398, 2022 WL 1815846, at *3 n.4 (11th Cir. June 3, 2022) (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).

Whether a district court possesses personal jurisdiction over a nonresident defendant calls for a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *see* Fla Stat. § 48.193. If it is satisfied, then the court must inquire as to (1) whether the defendant has established sufficient "minimum contacts" with the state of Florida; and (2) whether the exercise of this jurisdiction over defendant would offend "traditional notions of fair play and substantial justice." *Sculptchair*, 94

F.3d at 626; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court must dismiss an action against a defendant over whom it does not possess personal jurisdiction. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

*Pro se* pleadings are held to a less stringent standard than those filed by lawyers and thus are construed liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* complaint still must comply with the minimum pleading standards. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The lenient pleading standard applicable to *pro se* pleadings does not permit courts to act as a *pro se* party's attorney or to rewrite a deficient pleading. *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014).

## III. DISCUSSION

The undersigned first addresses Defendants' challenge that the Court lacks personal jurisdiction over them because, where jurisdiction is lacking, the Court has no authority to rule on the other claims at issue. *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1134 (S.D. Fla. 2007) (Altonaga, C.J.) ("The Eleventh Circuit has held that in deciding Rule 12(b) motions to dismiss, district courts should, as an initial matter, address any personal jurisdiction arguments raised by defendants."); *see also Madara*, 916 F.2d at 1514 & n.1 ("As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint.") (citation omitted).

Florida's long-arm statute, section 48.193, Florida Statutes, allows for both general and specific jurisdiction over a nonresident defendant. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013). Plaintiff admits that the Court lacks general personal jurisdiction over Fitzgerald and KHIKS. (ECF No. 14 at 9). He instead argues that the Court possesses specific

personal jurisdiction over Defendants pursuant to section 48.193(1)(a)(2) of the long-arm statute. Fitzgerald's out-of-forum email to an out-of-state non-party, argues Plaintiff, constituted a tortious act expressly directed into Florida, triggering jurisdiction under Florida law. Fla. Stat. § 48.193(1)(a)(2); *see* (ECF No. 1 at 4) ("[T]he conduct at issue was expressly directed at proceedings in the Southern District of Florida, concerned the status of a case pending in this District, and caused foreseeable harm to Plaintiff in this District.").

Defendants maintain that the Complaint captures wholly out-of-forum parties' out-of-forum communications. They argue that Fitzgerald's email "could not 'influence' or affect the CAA [c]ase pending in this District and is insufficient to confer personal jurisdiction over Defendants here." (ECF No. 15 at 3–4) (continuing, "the fact that the email referenced the CAA [c]ase does not mean the email was 'directed' at Florida or at this Court. Nor does it matter").

Plaintiff's theory of specific jurisdiction largely relies upon the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), and the Florida Supreme Court's decision in *Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002). In *Calder*, the Court held that defendants, the writers of an article published in the National Enquirer, were subject to jurisdiction in California. The Court reasoned that the writers' "intentional, and allegedly tortious, actions were expressly aimed at California," noting that they knew the plaintiff lived and would suffer "a potentially devastating impact" in California, and further knew that California was the state "in which the *National Enquirer* ha[d] its largest circulation." *Calder*, 465 U.S. at 789–90. Under those circumstances, the Court concluded that California was "the focal point both of the story and of the harm suffered" and that the writers could reasonably expect to be haled into court to answer for their article's contents notwithstanding that they resided in Florida. *Id.* at 789.

The instant Complaint does not cleanly track *Calder*'s analysis. In *Calder*, the injurious out-of-forum speech centered upon the California resident plaintiff, was known to be consumed by an outsized number of magazine readers in California, and caused devastating injury to the plaintiff by its publication in her state of domicile. Here, the out-of-state communication complained of was sent by a Californian attorney at a Californian law firm to a Californian arbitration and mediation services provider, for the purpose of initiating arbitration proceedings to be conducted from California. The Complaint pleads a connection to Florida only insofar as the email reported the status of Florida proceedings in which Plaintiff, a Florida resident, is a party. Neither harm felt nor conduct directed into Florida is alleged. The "brunt of the harm" Plaintiff proffers he has experienced as a consequence of Fitzgerald's email has consisted of the costs of refuting the email's representation in an arbitration being conducted from California. As pled, the geographic "focal point" of Fitzgerald's alleged misrepresentation is California, not Florida.

Plaintiff relies on *Wendt* for the proposition that "Florida's long-arm statute reaches intentional torts committed through electronic communications directed into Florida." (ECF No. 14 at 2). In *Wendt*, Florida's Supreme Court indeed held "that telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction under section 48.193(1)(b) if the alleged cause of action arises from the communications." 822 So. 2d at 1260 (remanding for consideration of whether personal jurisdiction had been established under this rubric). Yet that is not to say that any electronic communication that crosses Florida state lines suffices whenever complained of; *mere* electronic communications, without more, frequently fall short of establishing personal jurisdiction.[2]

[2] The most frequent exception, as illustrated by *Wendt*'s analysis, arises in the context of defamation suits wherein an out-of-forum defendant impugns an in-forum plaintiff by means of electronic communication. Here, Plaintiff's cause of action is not premised on reputational harm; it is premised on the emotional toil and expense associated with Fitzgerald's statement about proceedings pending in Florida.

Take, for example, *Egenberg v. Fish*, No. 24-cv-24101, 2026 WL 989009 (S.D. Fla. Apr. 13, 2026). There, a third-party plaintiff's claims against a third-party defendant, for indemnification and contribution, were dismissed for lack of personal jurisdiction. Jurisdiction was predicated, in part, on the third-party plaintiff's argument "that text messages between [the third-party defendant] and [the plaintiff in the main action] regarding the status of th[e] litigation, and emails they exchanged regarding an affidavit that [the third-party defendant] signed for [the plaintiff in the main action's] use in this case, constitute tortious acts" under the long-arm statute. *Egenberg*, 2026 WL 989009, at *5. The district court rejected this argument for several reasons, including that the third-party plaintiff had failed to allege how the communications at issue constituted tortious acts or caused it injury, and that the third-party defendant had directed its communications to the plaintiff in the main action, "who [resided] in New York, not to [the third-party plaintiff] (or anyone else) in Florida"). *Id.*

Here, the Complaint admits that Defendant Fitzgerald "at all relevant times[] acted as counsel for Creative Artists Agency, LLC and Steve Levine in matters outside the Florida action," and "did not appear in the Florida case, which was defended by separate Florida counsel[.]" (ECF No. 1 at 4–5). Plaintiff's grievance is that Fitzgerald made a false statement to a Californian provider of arbitration and mediation services regarding the status of suit pending in Florida. (*Id.* at 5–6).

In *Egenberg*, by contrast, the electronic communications believed by the third-party plaintiff to establish personal jurisdiction pursuant to section 48.193(1)(a)(2) were between a non-resident business entity and a litigant actually party to then-pending Florida proceedings. *See* 2026 WL 989009, at *5. And notably, the communications' concerned "an affidavit that [the third-party defendant's] principal signed" for the Florida litigant's use in the Florida case. *Id.*

Even these allegations failed to establish a basis for personal jurisdiction under the long-arm statute. There, as here, no allegation was made that harm resulted from the allegedly tortious communications themselves. And there, as here, the non-resident third-party defendant had directed the claimed communications to another non-resident third-party. *Id.* Accepting as true Plaintiff's allegation that Defendant Fitzgerald's statement was objectively false, Plaintiff's allegations fail to satisfy his initial burden under Florida's long-arm statute. The Court lacks personal jurisdiction over Defendants based upon Fitzgerald's email communication to Signature Resolutions regarding whether or not his client's counsel had formally appeared in proceedings pending before a district court in this forum.

Without personal jurisdiction over Defendants, the Court is without power to rule on their additional defenses. *Posner*, 178 F.3d at 1214 n.6 (citations omitted). The Complaint should instead be dismissed, without prejudice, and with leave to file an amended complaint. *See Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citing *Madara*, 916 F.2d at 1514 n.1).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss, (ECF No. 11), be **GRANTED**, and that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED**, without prejudice.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable David S. Leibowitz, United States District Judge for the Southern District of Florida, within **THIRTY (30) DAYS** of being served with a copy of this Report and Recommendations.[3] Failure to timely file objections will bar a *de novo* determination by the

[3] At the May 28 hearing, Plaintiff proffered that he has a scheduled surgery and will be anesthetized during some portion of the objections period. He accordingly moved *ore tenus* to extend his time to object to this Report and

District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 15th day of June, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Recommendations to thirty days. Defendants did not oppose Plaintiff's request, and the motion was **GRANTED** in open court.