UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE #: 1:26-cv-20342-DSL

FILED BY ___ D.C.
JUN 17 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

BRIAN EVANS, PRO SE, PLAINTIFF

v.

CHAD FITZGERALD, ET AL

OBJECTION TO THE REPORT AND RECOMMENDATION'S RELIANCE ON WALDEN V. FIORE AND ITS FAILURE TO RECOGNIZE THAT THE ALLEGED CONDUCT WAS EXPRESSLY DIRECTED AT A PENDING SOUTHERN DISTRICT OF FLORIDA PROCEEDING

The Report and Recommendation incorrectly treats Plaintiff's allegations as if they are based solely upon Plaintiff's residence in Florida and the alleged effects of Defendants' conduct being felt in Florida. That is not Plaintiff's theory of jurisdiction.

Plaintiff does not contend that personal jurisdiction exists merely because he resides in Florida. Rather, Plaintiff alleges that Defendants intentionally communicated factual representations concerning the status of a pending federal action in the Southern District of Florida and did so for the purpose of influencing parallel proceedings arising from that litigation.

This distinction is critical under Walden v. Fiore, 571 U.S. 277 (2014). In Walden, the Supreme Court held that personal jurisdiction cannot be based solely upon a plaintiff's contacts with the forum state or the fact that a plaintiff experiences injury in that forum. Walden did not involve conduct directed at an active judicial proceeding pending in the forum state. Instead, Walden involved conduct occurring entirely in Georgia that happened to affect Nevada residents.

Here, by contrast, the alleged communication expressly referenced the procedural status of a pending Southern District of Florida action. According to the Complaint and supporting declaration, Defendants communicated to a third-party arbitral forum representations concerning whether parties had formally appeared in a federal action pending before this Court. The subject matter of the communication was not Plaintiff's residence. The subject matter was the Florida federal proceeding itself.

The Report therefore misapplies Walden by focusing on Plaintiff's connection to Florida while overlooking the direct connection between Defendants' alleged conduct and the pending Southern District of Florida litigation that formed the basis of the communication.

The Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984), remains applicable where defendants intentionally direct conduct at a forum and the forum itself becomes the focal point of the alleged misconduct. Plaintiff's allegations fit squarely within that framework because the alleged communication concerned the status, procedural posture, and anticipated disposition of a case pending in this District.

Unlike Walden, where the forum connection arose solely through the plaintiffs, the connection here arose through Defendants' own alleged conduct referencing and targeting an active federal

proceeding pending before this Court. The forum was not incidental. The forum proceeding was the very subject of the communication.

Accordingly, Plaintiff respectfully submits that the Report and Recommendation improperly characterizes the jurisdictional allegations and fails to give appropriate weight to the fact that the alleged conduct was directed toward matters concerning a pending Southern District of Florida action. For that reason, the recommendation that the Court lacks personal jurisdiction should be rejected.

The Report's analysis improperly treats Plaintiff as the sole connection between Defendants and Florida, contrary to the principles recognized in Calder v. Jones, 465 U.S. 783 (1984), Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008), and Ford Motor Co. v. Montana Eighth Judicial District Court, 592 U.S. 351 (2021). In Walden v. Fiore, 571 U.S. 277 (2014), the Supreme Court held that a plaintiff's residence alone cannot create jurisdiction where the defendant's conduct lacks meaningful forum contacts. This case is materially different. Plaintiff does not rely upon his Florida residence as the basis for jurisdiction. Rather, Plaintiff alleges that Defendants intentionally communicated representations concerning the status and procedural posture of an active federal action pending before the Southern District of Florida and did so in an effort to influence related adjudicative proceedings arising from that litigation. Under Calder, jurisdiction may exist where intentional conduct is expressly aimed at the forum and the forum becomes the focal point of the challenged conduct. Under Licciardello, the Eleventh Circuit recognized that intentional tortious conduct expressly directed toward the forum may satisfy due process even where the defendant is physically located elsewhere. Likewise, Ford Motor teaches that the specific-jurisdiction inquiry focuses upon the relationship among the defendant, the forum, and the litigation itself. Here, the litigation that Defendants allegedly targeted was a

Southern District of Florida proceeding. Accordingly, the Florida federal action was not merely incidental to the challenged communication; it was the very subject of the communication. The Report therefore errs by treating Plaintiff as the only connection to Florida when the allegations instead describe conduct directed toward a pending federal proceeding within this District.

Recent Eleventh Circuit authority likewise cautions against elevating form over substance when evaluating jurisdictional questions. See Frida Kahlo Corp. v. Maria Cristina Teresa Romeo Pinedo, No. 24-10293 (11th Cir. Apr. 17, 2026). Here, the Report focuses primarily on the physical locations of the sender and recipient of the challenged communication while giving insufficient weight to the subject matter and intended target of that communication. The relevant inquiry is not merely where the email originated, but whether Defendants intentionally engaged in conduct directed toward a proceeding pending within this District. Plaintiff respectfully submits that the allegations, viewed in their entirety, support that conclusion.

CONCLUSION

The Report further overlooks that this case does not arise from a random communication that merely mentioned Florida. Rather, the alleged communication concerned the status, procedural posture, and anticipated disposition of an active Southern District of Florida proceeding and was directed to a separate adjudicative forum that was simultaneously considering issues arising from that same dispute. The Florida action was not collateral to the communication; it was the communication's central subject. Defendants' alleged conduct therefore created a direct connection among Defendants, this forum, and the underlying litigation. Under the principles recognized in Calder v. Jones, Licciardello v. Lovelady, and Ford Motor Co. v. Montana Eighth Judicial District Court, the jurisdictional inquiry focuses upon the relationship between the defendant, the forum, and the litigation itself. Here, the litigation allegedly targeted by

Defendants was a pending Southern District of Florida case. For that reason, Plaintiff respectfully submits that the Report gives insufficient weight to the forum-centered nature of the alleged conduct and erroneously treats the Florida proceeding as incidental when it was, in fact, the focal point of the challenged communication.

Everything that is occurring right now is because the Defendants, unhappy that Plaintiff filed a lawsuit against their client that had nothing to do with a 17 month settlement agreement – and a stipulation of dismissal the Defendants had the Plaintiff sign solely connected to that settlement agreement (which alleged sexual videos being sent from their client, which Creative Artists Agency LLC clients have had a history of doing, many clients whom have left that agency specifically due to issues such as this (Harvey Weinstein, their former client, is an example of that). The lawsuit filed in Florida had nothing to do with that old settlement, and yet the Defendant filed a 17 month old stipulation where his clients "filled in the blanks" and attempted to insert it into a new unrelated Florida case, and then sought to initiate arbitration for the current case when any ability to initiate arbitration would have had to be connected to a violation of the settlement agreement that had nothing to do with the new lawsuit filed in Florida for post-settlement unrelated claims. If that doesn't impact the Plaintiff as a Florida resident, the Plaintiff simply does not know what does.

For the foregoing reasons, Plaintiff respectfully requests that the Court reject the Report and Recommendation in its entirety and deny Defendants' Motion to Dismiss. The allegations do not rely upon Plaintiff's residence in Florida, but upon Defendants' alleged intentional conduct directed toward matters concerning a pending proceeding in the United States District Court for the Southern District of Florida. Accepting the well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor, as required at this stage, Plaintiff has sufficiently

established a basis for personal jurisdiction. Plaintiff therefore respectfully requests that this action proceed on the merits. Alternatively, should the Court conclude that additional jurisdictional allegations are necessary, Plaintiff respectfully requests leave to provide those additional facts consistent with the representations made during the hearing. Such relief would be particularly appropriate where Plaintiff has consistently maintained that Defendants' alleged conduct was expressly directed at a pending Southern District of Florida proceeding and any further factual detail would merely amplify, rather than alter, the jurisdictional theory already pled.

Respectfully Submitted,

Brian Evans

2080 S. Ocean Drive Suite 1505

Hallandale Beach, FL 33009

(954) 214-3076

June 17th, 2026

Email: belasvegas@yahoo.com

CERTIFICATE OF SERVICE

A copy of this Objection to the Magistrates R&R has been sent on this 17th day of June, 2026 to counsel of record as stated below via US Pre-Paid First Class Mail to:

Ronnie J. Bitman

Bitman O'Brien & Morat, PLLC

610 Crescent Executive Court

Suite 112

Lake Mary, FL 32746

407-815-3110

Fax: 407-815-2367

Email: rbitman@pearsonbitman.com

Submitted:

______________________________

Brian Evans

2080 S. Ocean Drive Suite 1505

Hallandale Beach, FL 33009

(954) 214-3076

Email: belasvegas@yahoo.com