**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-CV-20342-DSL**

BRIAN EVANS,

Plaintiff,

v.

CHAD R. FITZGERALD, and

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,

Defendants.

_________________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS GRANTING MOTION TO DISMISS**

## I. Introduction

Defendants Chad R. Fitzgerald ("Fitzgerald") and Kinsella Holley Iser Kump Steinsapir LLP ("KHIKS"; collectively with Fitzgerald, "Defendants") submit this response to Plaintiff, Brian Evans' ("Plaintiff"), Objections to Magistrate Judge Lauren F. Louis's Report and Recommendation Granting Defendants' Motion to Dismiss (the "Report and Recommendation" or "R&R"). ECF 31.

The Court should overrule all of Plaintiff's objections and adopt the Report and Recommendation [ECF 31] in full. As the Magistrate Judge correctly found, the Court lacks personal jurisdiction over Defendants because the single email at the center of the Complaint—sent by a California attorney at a California law firm to a California arbitration provider—was not directed at Florida and caused no cognizable harm in Florida. None of Plaintiff's objections have any merit or provide any basis to reconsider the Magistrate Judge's conclusion that the complaint should be dismissed without prejudice.

## II. <u>Factual and Procedural Background</u>

In January 2026, Plaintiff, proceeding *pro se*, sued Defendants for fraud, fraud on a tribunal, and abuse of process. *See* ECF 1. Plaintiff invoked diversity jurisdiction (*id.* at 3) and alleged that the "Court has personal jurisdiction over Defendants because the conduct at issue was expressly directed at proceedings in the Southern District of Florida, concerning the status of a case pending in this District, and caused foreseeable harm to Plaintiff in this District." *Id.* at 4.

Plaintiff alleges he was harmed by an email Fitzgerald, a California attorney, sent to California arbitration provider Signature Resolution during a California arbitration proceeding. *See* ECF 1 at 5. As summarized in the Magistrate's Report and Recommendation:

> The email itself references a related action pending in this District in which Plaintiff has sued Creative Artists Agency ("CAA") and a Mr. Steve Levine, who have retained Defendants as counsel to provide legal services in California. *See Evans v. Creative Artists Agency, LLC, et al.*, No. 1:25-cv-25484-DPG (filed Nov. 21, 2025).[1] Fitzgerald's email relates that CAA and Levine "ha[d] not yet formally appeared in the Florida case" at the time the email was sent, and "ha[d] moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction." (ECF No. 1-2 at 2) ("[I]n the [ ] event that the motion to dismiss is denied, [CAA] will move the [d]istrict [c]ourt to compel arbitration."). The Complaint alleges that the email's representation, that CAA and Levine had yet to appear in the case, was false when made (and intentionally so). Counsel for both of those parties had filed a notice of appearance on December 3, 2025, shortly before filing their motion to dismiss. *See* (ECF Nos. 1 at 5–6, 1-2 at 9, 10). Plaintiff claims that the false email caused him "damages including legal expenses, procedural prejudice, delay, impairment of federal rights, and emotional distress." (ECF No. 1 at 10).

ECF 31 at 2 (citations and brackets in original).

On February 10, 2026, Defendants moved to dismiss Plaintiff's complaint for lack for personal jurisdiction, improper venue, failure to meet the amount in controversy requirement for subject matter jurisdiction, and failure to state a claim. ECF 11. Regarding jurisdiction, Defendants

---

[1]The CAA case was dismissed and closed June 8, 2026.

argued that the Court lacks personal jurisdiction over them because they are California residents and do not have the requisite contacts with Florida sufficient to give rise to personal jurisdiction. Defendants supported their motion to dismiss with a declaration from Fitzgerald that addressed his and KHIKS' citizenship and lack of contacts with Florida. *See* ECF 11-1. Plaintiff opposed the motion to dismiss on February 11, 2026 (one day after Defendants filed the motion), and Defendants filed their reply on February 16, 2026. ECF 14, 15.

On June 5, 2026, the Magistrate Judge held a one and one-half hour hearing, at which Plaintiff had a full and fair opportunity to raise all his arguments in response to the motion to dismiss. During the hearing, Plaintiff stated, in the Magistrate's words, that "he consider[ed] Fitzgerald's out-of-forum email to be a surreptitious attempt to stall his prosecution of the related action [against CAA] in coordination with CAA's Florida counsel." ECF 31 at 3.

The Magistrate Judge issued a detailed Report and Recommendation on June 16, 2026. ECF 31. In her Report and Recommendation, the Magistrate Judge correctly found that there is no personal jurisdiction over Defendants. Plaintiff filed objections to the Report and Recommendation on June 17, 2026. ECF 33. Defendants now submit their response in support of the Report and Recommendation, which should be adopted in its entirety.

## III. <u>Legal Standard</u>

"When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a de novo determination 'of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Aharon v. Chinese Communist Party*, 785 F. Supp. 3d 1191, 1198 (S.D. Fla. 2025) (quoting 28 U.S.C. § 636(b)(1)). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quotation marks omitted). "[A] party's objections are improper if they

expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions." *GRACE, Inc. v. City of Miami*, 674 F. Supp. 3d 1141, 1148 (S.D. Fla. 2023). "When the objecting party has improperly objected . . . to the magistrate judge's findings, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quotation marks omitted).

*Pro se* litigants like Plaintiff are afforded some leniency in federal court. "This leniency, however, does not confer on pro se litigants a right to receive special advantages not bestowed on other litigants." *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (quotation marks omitted). *Pro se* plaintiffs still "must satisfy essential burdens" and comply with minimum pleading standards applicable to all litigants. *Blanco GmbH+ Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1254 (S.D. Fla. 2014); *see also Albra v Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "[C]ourts cannot serve as de facto counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action." *McDowell*, 424 F. Supp. 3d at 1220–21. Nor can courts "simply fill in the blanks to infer a claim[.]" *Id.* at 1221 (quotation marks omitted). "[I]t is not the Court's duty to search through a plaintiff's filings to find or construct a [satisfactory] pleading[.]" *Id.* (quotation marks omitted).

## IV. The Court Should Overrule Plaintiff's Objections and Adopt the Report and Recommendation in Full

### A. All Plaintiffs' Objections are Improper Because They Merely Rehash His Arguments Made Before the Magistrate Judge

Plaintiff's objections to the Report and Recommendation are merely an attempt to relitigate the motion to dismiss. That is not the proper purpose of an such an objection. "[O]bjections are improper [when] they expand upon and reframe arguments already made and considered by [the magistrate], or simply disagree with [the magistrate's] conclusions." *Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018). "It is improper for an objecting

party … to submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Id.* (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)) (ellipsis and brackets omitted); *see also United States v. Gomez*, 759 F. Supp. 3d 1311, 1316 (S.D. Fla. 2024) (same); *United States v. Santana*, 640 F. Supp. 3d 1293, 1298 (S.D. Fla. 2022) (same).

Because Plaintiff's objections are improper, the Report and Recommendation is subject not to *de novo* review but to review only for clear error. *GRACE, Inc.*, 674 F. Supp. 3d at 1148. "The clearly erroneous . . . standard of review is extremely deferential." *Sec. & Exch. Comm'n v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024) (quotation marks omitted). "Relief is appropriate under the clearly erroneous prong only if the district court finds that the [m]agistrate [j]udge abused her discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks omitted).

Plaintiff's objections should be overruled, and the Report and Recommendation should be adopted in full under either *de novo* or clear error review. The Report and Recommendation is thorough, thoughtfully written, and well-reasoned. The record demonstrates that the Magistrate Judge gave Plaintiff numerous opportunities to make his arguments in opposition to Defendants' motion to dismiss, both in writing and orally at the one and a half hour hearing. There is no basis to find that the Magistrate Judge erred (let alone clearly erred) in granting Defendants' motion to dismiss for lack of personal jurisdiction.

Plaintiff's primary objection—that the Magistrate Judge supposedly misapplied *Walden v. Fiore*, 571 U.S. 277 (2014), and overlooked the "forum-centered" nature of Fitzgerald's email—

is the same argument Plaintiff pressed throughout the briefing on Defendants' motion to dismiss and raised again at the June 5, 2026 hearing. *Compare* ECF 14 at 1–3 (Plaintiff arguing email was "expressly directed at proceedings in the Southern District of Florida" and relying on *Calder v. Jones* and *Wendt v. Horowitz*), *with* ECF 33 at 1–4 (same). The Magistrate Judge considered and correctly rejected those arguments. ECF 31 at 5–8. Because Plaintiff's objections are improper, the Report and Recommendation is subject only to clear-error review—and there is none here. *GRACE, Inc.*, 674 F. Supp. 3d at 1148.

### B. The Magistrate Judge Correctly Found There Is No Personal Jurisdiction Over Defendants

Plaintiff's primary objection is that the Magistrate Judge should not have granted Defendants' motion to dismiss for lack of personal jurisdiction because "Defendants intentionally communicated factual representations concerning the status of a pending federal action [Plaintiff's suit against CAA and Levine] in the Southern District of Florida [to Signature Resolution in California] and did so for the purpose of influencing parallel proceedings arising from that litigation." ECF 33 at 1. The Magistrate Judge examined and rejected that theory in detail. R&R at 5-8. Plaintiff simply disagrees with her conclusion. That is not a proper basis for an objection.

Plaintiff's objection also fails on the merits. To establish specific jurisdiction under Florida's long-arm statute, Plaintiff must allege that Defendants committed a tortious act *within Florida*. Fla. Stat. § 48.193(1)(a)(2). Even where electronic communications are involved, they "must arise from" communications directed into Florida to support jurisdiction. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Plaintiff cannot satisfy this requirement. Fitzgerald's email was sent from California to a California recipient about a California arbitration. The email copied Plaintiff, a Florida resident, but the mere fact that a Florida resident is copied on an otherwise California-to-California communication does not transform it into a tortious act directed into

Florida. *See* R&R at 6–8 (citing *Egenberg v. Fish*, No. 24-cv-24101, 2026 WL 989009, at *5 (S.D. Fla. Apr. 13, 2026)).

### 1. Plaintiff's *Calder* Argument Was Considered and Correctly Rejected

Plaintiff argues, again, that *Calder v. Jones*, 465 U.S. 783 (1984), requires a different result because Fitzgerald's email "expressly referenced the procedural status of a pending Southern District of Florida action." ECF 33 at 2. The Magistrate Judge addressed this argument directly and correctly explained why *Calder* does not apply. R&R at 5–6.

In *Calder*, the Supreme Court held that jurisdiction was proper in California because the defendant wrote an article that centered on the California plaintiff, knew the article would be read primarily in California, and knew that the plaintiff would suffer harm there. 465 U.S. at 789–90. California was "the focal point both of the story and of the harm suffered." *Id.* at 789.

None of those circumstances are present here. Fitzgerald's email was sent to a California arbitration provider in the course of arbitration proceedings in California. The "brunt of the harm" Plaintiff allegedly suffered—the costs of refuting the email's representation—arose in California, not Florida. R&R at 6. And critically, the email's "geographic focal point" was not Florida but California. *Id.* The fact that the email referenced a Florida proceeding is not enough: "neither harm felt nor conduct directed into Florida is alleged." *Id.*

Plaintiff's argument conflates the subject matter of the email (the status of a Florida case) with conduct directed at Florida. But the *Calder* test asks whether the defendant's conduct was expressly aimed at the forum, not merely whether the communication happened to reference forum proceedings. *See Walden v. Fiore*, 571 U.S. at 285–86 (2014) (defendant's conduct, not plaintiff's connections to forum, must create relevant contacts with forum). Fitzgerald directed his conduct at a California arbitration provider, not at this forum.

### 2. Plaintiff's *Walden* Argument Is a Red Herring and Is, in Any Event, Without Merit

The title of Plaintiff's objection announces a challenge to the Report and Recommendation's "reliance on *Walden v. Fiore*[.]" ECF 33 at 1. But the Magistrate Judge did not cite to or rely on *Walden* once in the R&R. Plaintiff conjures a strawman objection to a supposed legal error that (a) does not exist in the R&R and (b) would not be an error if it did. This confirms that Plaintiff's Objections are not genuine challenges to the Report and Recommendation's reasoning but rather improper attempts to reframe his jurisdictional arguments for a second time. And in any event, *Walden v. Fiore*, 571 U.S. 277 (2014), supports dismissal here. In *Walden*, the Supreme Court held that personal jurisdiction cannot be based on a plaintiff's connections to the forum state but, rather, must center on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." 571 U.S. at 285.

Plaintiff argues that *Walden* is distinguishable because Fitzgerald's conduct "targeted" an active Florida proceeding rather than a Florida resident. ECF 33 at 2–3. That distinction does not help him. The relevant question under *Walden* is whether Fitzgerald's *own conduct* established minimum contacts with Florida—not whether his email happened to reference a Florida case or copied a Florida resident. As Plaintiff admits, Fitzgerald never appeared in the Florida proceedings; separate Florida counsel handled that matter. ECF 1 at 4–5; R&R at 7. Fitzgerald sent an email from his office in California to a California arbitration provider to advance a California arbitration. The email's reference to a Florida case's procedural posture does not transform such California-directed conduct into a purposeful availment of Florida jurisdiction. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

### 3. *Egenberg* Confirms That No Jurisdiction Exists Over Defendants

The Magistrate Judge's reliance on *Egenberg v. Fish*, No. 24-cv-24101, 2026 WL 989009 (S.D. Fla. Apr. 13, 2026), further confirms there is no personal jurisdiction over Defendants. Plaintiff does not engage with *Egenberg* in his objections, cannot distinguish it, and has thus waived any argument as to its applicability.

In *Egenberg*, as here, the court rejected personal jurisdiction based on electronic communications about the status of Florida litigation where (1) those communications were directed to a non-resident, and (2) no harm resulted from the communications themselves. 2026 WL 989009, at *5. Both conditions are satisfied here. Fitzgerald directed his email to Signature Resolution, a California entity. The harm Plaintiff claims—having to defend himself in a California arbitration—arose in California, not Florida. R&R at 7–8. As the Magistrate Judge correctly concluded, *Egenberg* compels the same result here.

### 4. Plaintiff's New Factual Narrative Does Not Establish Jurisdiction

Plaintiff's objections contain an extended narrative about the underlying dispute between Plaintiff and CAA recently pending in the Southern District of Florida. ECF 33 at 5-6. None of this is relevant to the issue of personal jurisdiction over Fitzgerald and KHIKS in this case. The issue before the Court is whether Defendants—a California attorney and California law firm—have sufficient minimum contacts with Florida to be haled into court here because of an email sent to a California arbitration provider. Plaintiff's irrelevant narrative does not address that question. Moreover, new allegations raised in objections to a report and recommendation are improper and should not be considered. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (district court has discretion to decline to consider arguments not raised before magistrate judge).

### C. Leave to Amend Is Not Warranted

In the alternative, Plaintiff (vaguely) seeks leave to amend his Complaint to add additional jurisdictional facts. *See* ECF 33 at 6. The Court should deny that request. Plaintiff had a full and fair opportunity to establish personal jurisdiction, both in writing and at the June 5, 2026 hearing. At that hearing, Plaintiff proffered the additional facts he would allege in an amendment. R&R at 3. The Magistrate Judge considered those proffered facts and concluded that they still did not support personal jurisdiction. *Id.* at 5–8. Leave to amend would be futile where, as here, the jurisdictional deficiency cannot be cured because the core jurisdictional facts are undisputed.

Leave to amend is properly denied where amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed."). No set of additional facts Plaintiff might allege could change Defendants' residence or Fitzgerald's email. Permitting further amendment would serve only to prolong litigation over a matter that the Magistrate Judge correctly identified as lacking any jurisdictional basis.

## V. Conclusion

For the foregoing reasons, the Court should overrule Plaintiff's objections to the Report and Recommendation, adopt the Report and Recommendation in full, and dismiss this case without prejudice for lack of subject matter jurisdiction, without leave to amend.

**BITMAN O'BRIEN, PLLC**

By: */s/ Ronnie Bitman*
Ronnie Bitman, Esq.
Fla. Bar No. 0744891
rbitman@bitman-law.com
610 Crescent Executive Ct., Suite 112
Lake Mary, FL 32746
*Specially Appearing for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2026, a true and correct copy of the foregoing was served on all counsel of records via the CM-ECF.

**BITMAN O'BRIEN, PLLC**

By: */s/ Ronnie Bitman*
Ronnie Bitman, Esq.
Fla. Bar No. 0744891
rbitman@bitman-law.com
610 Crescent Executive Ct., Suite 112
Lake Mary, FL 32746
*Specially Appearing for Defendants*