**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS**,

*Plaintiff*,

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**,

*Defendants*.
_______________________________________/

# OMNIBUS ORDER

**THIS CAUSE** is before the Court on two motions filed by *pro se* Plaintiff Brian Evans ("Plaintiff"): (i) Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and for Reconsideration of the Order Declaring Plaintiff a Vexatious Litigant and Dismissing the Case with Prejudice (the "Reconsideration Motion") [ECF No. 49], filed on August 4, 2026, and (ii) Emergency Motion for Stay Pending 59(e) Consideration or Appeal and/or to Schedule a Hearing (the "Stay Motion") [ECF No. 55], filed August 6, 2026 (together, the "Motions"). After careful review, the Motions [ECF Nos. 49, 55] are DENIED. Plaintiff's Motions for Leave to File [ECF Nos. 54, 57] are DENIED AS MOOT.

## I. BACKGROUND

On August 4, 2026, this Court issued an order declaring Plaintiff a vexatious litigant, dismissing this case with prejudice, enjoining Plaintiff from filing new cases in this District without prior approval from a United States Magistrate Judge, and ordering Plaintiff to file a copy of the order in all his pending cases in this District by Friday, August 7. [*See* ECF No. 48 ("the August 4 Order")].

Plaintiff filed the Reconsideration Motion later that day. [ECF No. 49 at 2]. In the Reconsideration Motion, Plaintiff argues that he substantively complied with the Court's prior admonition that he not file additional notices of supplemental authority without first moving for leave [ECF No. 39]; states that the undersigned is the first judge to label him a vexatious litigant; and argues that the Court failed to adequately consider the fifteen cases Plaintiff filed in the past year, all of which, Plaintiff claims, have or had merit. [*Id.* at 2–6]. Plaintiff also rightly submits that meaningful access to the courts is a fundamental right. [*Id.* at 6]; *see Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986). Plaintiff ultimately requested that the Court vacate or amend various portions of the August 4 Order. [ECF No. 49 at 2]. Shortly after he filed the Reconsideration Motion, Plaintiff filed a Notice of Appeal [ECF No. 50].

Plaintiff filed the Stay Motion two days later, on August 6, requesting that the Court stay the portion of its order that ordered Plaintiff to file a copy of the August 4 Order in all his pending cases in this District by August 7 until either the Reconsideration Motion is ruled upon or his appeal is heard. [ECF No. 55]. Plaintiff submits that this aspect of the Court's August 4 Order would create "irreversible prejudice" for him in litigating his three pending cases. [*Id.* at 6].

## II. LEGAL STANDARDS

### A. Rule 59(e) Motion

Rule 59(e) of the Federal Rules of Civil Procedure provides a district court with the opportunity "to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). A "Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d

757, 763 (11th Cir. 2005). A court need "not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 590 U.S. at 508 (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163–164 (3d ed. 2012) (Wright & Miller); *accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485–86, n. 5 (2008) (quoting prior edition)).

### B. Motion to Stay Execution

Deciding whether to stay execution of a judgment is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In determining whether to issue a stay, a court considers four factors: (1) whether the applicant has made a "strong" showing of a likelihood of success on the merits; (2) whether the applicant will suffer "irreparable harm" absent a stay; (3) whether granting the stay will "substantially injure" the other parties interested in the proceeding; and (4) where the "public interest" lies. *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022). "The first two factors," likelihood of success and irreparable harm, "are the most critical." *Nken*, 556 U.S. at 434.

## III. DISCUSSION

As an initial matter, the Court has jurisdiction to rule on the Motions despite Plaintiff's filing of a Notice of Appeal. While "[t]he filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,'" *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)), under Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure, Plaintiff's Notice of Appeal is not effective until the Court rules on his Rule 59(e) motion. *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014) ("The district court retained jurisdiction to consider the Rule 59 motion, and we have jurisdiction because the notice of appeal became effective following the district court's denial of that motion."); *see also Naples Pride, Inc. v. City*

*of Naples*, 2025 WL 1507062, at *2 n.1 (M.D. Fla. May 27, 2025) ("Numerous courts have held that the filing of a notice of appeal does not deprive a district court of jurisdiction over a motion to stay its judgment.") (citing cases). Thus, the Court has jurisdiction to consider both Motions.

Turning to the merits, the Court denies the Reconsideration Motion. Reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted). Plaintiff argues that the fifteen cases he filed in the past two years were not frivolous because some of them resulted in a settlement or an "admission" of "error" by the defendant. [ECF No. 49 at 3–6]. He offers evidence, including sworn declarations, news articles, and proclamations from governmental entities, that purportedly demonstrates the merit and good faith of his court filings. [ECF No. 49-1].

The Court has reviewed Plaintiff's litigation history in this District and his cited evidence and finds no reason to amend or vacate its order. Indeed, Plaintiff appears bent on creating as much unnecessary judicial work as possible: He has littered this District with meritless motions, arbitrary "notices," and, for some reason, repeated requests to file his medical records. Take two examples. In *Evans v. Church of Scientology International et al.*, No. 1:26-cv-20389-BB (S.D. Fla. 2026) ("*Scientology*"), Plaintiff alleged that between 1990 and 1991, the Church of Scientology and an individual induced him to invest $3,000 and a Mickey Mantle baseball card in a venture—but never gave him the card back. *Scientology*, ECF No. 1. The *Scientology* docket, like this one, is littered with miscellaneous "notices"—including requests to file his medical records—that were either stricken or denied by Judge Bloom or Magistrate Judge Elfenbein. *See, e.g.*, *Scientology*, ECF Nos. 89, 91, 100. Plaintiff claims in his Reconsideration Motion that the parties agreed to dismiss the *Scientology* case, but "[p]ost dismissal activity occurred that Plaintiff believed required response." [ECF No. 49 at 5]. That "activity" was

not actually "post dismissal," but was the defendants' statements in several filings that Plaintiff was a "convicted felon." *Scientology*, ECF No. 69. Plaintiff moved to "Strike, Seal, or Redact" that "Defamatory and Scandalous Matter from the Record," insisting that the defendants defamed him by referring to his criminal history in the present tense. *Id.* Judge Bloom denied the motion, noting "Plaintiff himself acknowledged" that his criminal history was already public record. *Scientology*, ECF No. 100 at 4. Plaintiff moved for reconsideration the day after Judge Bloom issued that order. *Scientology*, ECF No. 100.

Plaintiff's conduct was no more redeeming in *Evans v. Signature Resolutions, LLC*, No. 1:26-cv-21451-CMA (S.D. Fla. 2026) ("*Signature Resolutions*")—a case that, like this one, arose from Plaintiff's dispute with Creative Artists Agency. Plaintiff sued Signature Resolutions for $10 million, claiming the arbitration firm "usurped authority reserved to the court" by administering arbitration proceedings to which he was a party. *Signature Resolutions*, ECF No. 1. In litigating that case, he filed ***four*** emergency motions for a temporary restraining order and preliminary injunction—none of which were adjudicated, since Chief Judge Altonaga and Magistrate Judge D'Angelo denied his three amended complaints for lack of subject-matter jurisdiction. *Signature Resolutions*, ECF Nos. 8, 10, 11, 14, 15, 17, 18. In the final order dismissing the case with prejudice, Chief Judge Altonaga noted that Plaintiff disregarded her clear instructions on how to properly plead the citizenship of a defendant LLC, and attempted to "circumvent jurisdictional requirements with a conclusory, unsupported allegation of Defendant's citizenship." *Signature Resolutions*, ECF No. 17 at 3.

Plaintiff appears to be a well-educated individual with time on his hands, which makes him uniquely capable of clogging the judicial machinery with well-dressed nonsense. *See Santana v. Frank Sufka Fam. Tr. Fund*, 2026 WL 1492775, at *2 (M.D. Fla. May 28, 2026) (noting that "[e]xperienced and savvy *pro se* litigants . . . understand" the "judicial reluctance" to sanction *pro se* litigants "and

attempt to exploit it to their advantage"). The Court declines to revisit its order declaring him a vexatious litigant.

The Court also denies the Stay Motion. The crux of Plaintiff's argument is that requiring him to file a copy of the Court's August 4 Order in his now-pending cases will prejudice him in those cases. [ECF No. 55 at 3–4]. Plaintiff also argues that the imminent deadline "denies [him] a meaningful opportunity to seek appellate review" of the Order. [*Id.* at 4]. For the reasons given above and in the Court's August 4 Order [ECF No. 48], the Court does not conclude that Plaintiff has a likelihood of success on the merits in his appeal. And Plaintiff does not face irreparable harm—to the contrary, as Plaintiff himself points out, the Clerk of Court was directed to circulate the August 4 Order to all divisions of this Court, [*see* ECF No. 55 at 4], so it will come as no surprise to the undersigned's colleagues that Plaintiff has been found to be a vexatious litigant. The third factor—whether granting the stay will "substantially injure" the other parties interested in the proceeding—does not clearly weigh for or against granting a stay, but the fourth—the "public interest"—weighs against it. *Nken*, 556 U.S. 418, 433; *see Santana v. Frank Sufka Fam. Tr. Fund*, 2026 WL 1492775, at *3 (M.D. Fla. May 28, 2026) ("If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served.").

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motions [**ECF Nos. 49, 55**] are **DENIED**. Plaintiff's Motions for Leave to File [**ECF Nos. 54, 57**] are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on August 7, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record