FILED BY MY D.C.
OCT 08 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

Plaintiff,

v.

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

Defendants.

_______________________________________/

# MOTION FOR LEAVE TO FILE PURSUANT TO COURT ORDER

Plaintiff Brian Evans, proceeding pro se, respectfully moves for leave to file the attached proposed **Sur-Reply in Opposition to Defendants' Motion for Attorneys' Fees** and accompanying declaration. Plaintiff submits this motion in response to Defendants' October 7, 2026 reply (ECF No. 73), which raises arguments about waiver, the asserted reason for the difference between the amount discussed during conferral and the amount requested, and Plaintiff's asserted failure to provide evidence of inability to pay.

## 1. Compliance with the Court's Order

Paragraph 1(a) of the Court's August 4, 2026 order (ECF No. 48 at 4) requires a motion for leave captioned "Motion for Leave to File Pursuant to Court Order," accompanied by the proposed document, a copy of the order, and a certification under oath that there is a good-faith basis for filing. Plaintiff submits the proposed sur-reply and declaration as Exhibit A and directs that a

complete copy of ECF No. 48 be attached as Exhibit B. Plaintiff does not ask the Court to resolve the scope of the order's exception for filings in currently pending cases.

**2. Good-Faith Basis**

S.D. Fla. L.R. 7.1(c) requires leave for an additional memorandum. The proposed sur-reply responds narrowly to matters raised or newly emphasized in Defendants' October 7, 2026 reply (ECF No. 73), including the assertion that Plaintiff conceded entitlement, the explanation for the difference between the amount discussed during conferral and the amount requested, the characterization of the 38.5-hour reference as a typo, and the argument that Plaintiff supplied no evidence of inability to pay. It explains why the conflicting figures in Defendants' verified fee submission, including the unreconciled assertion of clerical error and counsel's qualified verification, present material reliability and proof issues warranting denial of the request, while acknowledging that the Court could instead require clarification or reduce an award. It also addresses Defendants' statement that they seek only Bitman's time, responds to the financial-evidence argument with sworn testimony, preserves Plaintiff's discretionary request for deferral pending appeal, and asks the Court to consider his medical circumstances, unemployment, ongoing treatment, and inability to pay in determining whether fees should be imposed and, if so, in what amount.

Plaintiff does not ask the Court in this filing to reconsider the vexatious-litigant order, which is under appeal. The proposed sur-reply concerns only Defendants' post-dismissal fee motion.

**3. Relief Requested**

Plaintiff respectfully requests leave to file the attached proposed sur-reply and declaration.

Respectfully submitted,

Dated: October 7, 2026

______________________________

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**CERTIFICATION UNDER OATH**

I, Brian Evans, declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. I further certify under oath that there is a good-faith basis for filing the proposed sur-reply and declaration attached to this motion. This filing is submitted solely to respond to Defendants' reply in support of their motion for attorneys' fees and not for any improper purpose.

Executed on October 7, 2026, at Hallandale Beach, Florida.

______________________________

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**CERTIFICATE OF CONFERRAL**

On October 7, 2026, Plaintiff attempted to confer with counsel for Defendants regarding leave to file the proposed sur-reply and accompanying declaration by email and telephone (two different phone numbers to his office). Plaintiff had received no reply as of signing this certificate.

______________________________

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2026, I served a true and correct copy of this motion, including its exhibits, by first-class U.S. mail on counsel for Defendants at the address below.

Ronnie J. Bitman, Esq.

rbitman@bitman-law.com

Bitman O'Brien, PLLC

610 Crescent Executive Court, Suite 112

Lake Mary, FL 32746

______________________________

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**EXHIBIT A**

**PROPOSED SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

Plaintiff,

v.

**CHAD FITZGERALD and KINSELLA**

**HOLLEY ISER KUMP STEINSAPIR LLP,**

Defendants.

_____________________________________/

**PLAINTIFF'S PROPOSED SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Plaintiff Brian Evans, proceeding pro se, respectfully submits this limited sur-reply to Defendants' reply in support of their motion for attorneys' fees (ECF No. 73). Plaintiff requests leave to file this sur-reply and accompanying declaration pursuant to S.D. Fla. L.R. 7.1(c).

**I. Plaintiff Did Not Concede Entitlement to Fees**

Defendants contend that Plaintiff conceded entitlement to fees because his opposition focused on the amount requested and did not separately develop every argument concerning the asserted bad-faith basis for an award. That characterization is too broad. Plaintiff's opposition sought denial of the fee motion or, alternatively, deferral, and challenged the amount, supporting invoices, unrelated and administrative entries, and his financial circumstances. ECF No. 65, Exhibit A, §§ II–VII. Plaintiff did not concede entitlement to the requested award. He acknowledges that his opposition did not separately develop every argument concerning entitlement, and he does not seek to revisit the appealed vexatious-litigant order. Even if the Court concludes a basis for fees exists, that does not establish that the requested amount is reasonable, adequately documented, or supported.

The Court's August 4, 2026 order permitted Defendants to move for reasonable fees; it did not establish that the amount requested would be awarded. ECF No. 48 at 5. Plaintiff asks the Court to decide the fee motion on the record and to consider whether the fee submission meets Defendants' burden of proof.

## II. Defendants' Own Verified Fee Submission Does Not Reconcile Materially Conflicting Hours and Amounts

Defendants' motion requests $21,800 for 43.6 hours at $500 per hour. ECF No. 62 at 5–6. But the motion also states, "Therefore, the Court should calculate the lodestar using 38.5 hours," and then immediately concludes, "Together, 43.6 hours at $500 per hour is $21,800." Id. at 6. The conferral email documented in Plaintiff's opposition said Defendants would seek 38.5 hours at $500 per hour, or $19,250. ECF No. 65, Exhibit C. Plaintiff opposed that request.

The invoice summaries attached to the motion report the following Bitman hours and corresponding fees:

| Invoice | Bitman hours | Amount at $500/hour |
|---|---|---|
| 27580 | 5.1 | $2,550 |
| 27828 | 0.2 | $100 |
| 28119 | 2.8 | $1,400 |
| 28368 | 2.8 | $1,400 |
| 28500 | 18.0 | $9,000 |
| 29028 | 9.6 | $4,800 |
| 29082 | 6.7 | $3,350 |
| **Total** | **45.2** | **$22,600** |

The invoices before the final invoice total 38.5 Bitman hours and $19,250. Including the final invoice, No. 29082, the summaries total 45.2 hours—not 43.6. Defendants therefore seek 5.1 hours and $2,550 more than the amount stated during conferral, while the last invoice reports 6.7 Bitman hours and $3,350. The record does not identify which 1.6 hours and $800 were omitted from the 45.2 invoice-summary total to arrive at the 43.6 hours requested.

Defendants' reply says the August invoice was not available during conferral, in part because it included work on the fee motion, and calls the 38.5-hour reference in the motion a typo. ECF No. 73 at 2 & n.1. But the reply does not identify the entries included in or excluded from the requested 43.6 hours, reconcile 38.5, 43.6, and 45.2 hours, or explain why the motion itself says both to use 38.5 hours and to award fees based on 43.6 hours. The differences are material because the hours and fees claimed must be supported, not merely asserted.

Defendants' motion labels itself "verified," but its verification states only: "The facts set forth in this motion are true to the best of my knowledge and/or information and belief." ECF No. 62 at 7. As discussed in Section II.C, Plaintiff does not characterize this qualified verification as a separate unequivocal affidavit under penalty of perjury or accuse counsel of perjury; the verification does not resolve the conflicting calculations.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1301–03 (11th Cir. 1988). The applicant must exercise billing judgment, and excessive, redundant, or

unnecessary hours should be excluded. *Id.* Under the inherent-power standard, a fee sanction must be compensatory and limited to fees that would not have been incurred but for the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–11 (2017). The Court has inherent authority to impose appropriate sanctions for bad-faith conduct, but that authority does not relieve the fee applicant of proving a reasonable, properly supported amount. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 49 (1991).

These are material reliability and proof problems in Defendants' own submission. Plaintiff respectfully asks the Court to deny the entire request rather than reconstruct a fee application for the movants from irreconcilable totals and unidentified entries. Plaintiff recognizes that the Court may instead require clarification or reduce any award; he submits, however, that Defendants—not Plaintiff or the Court—bear the burden to provide a transparent and reliable accounting.

**A. Passport and Administrative Entries Reinforce the Need for a Reconciled Submission**

Invoice No. 28119 lists Stephen Milbrath's April 30, 2026 research concerning passport regulations and online renewal signatures, billed at 1.2 hours at $465 per hour, totaling $558. ECF No. 62-1 at 6–7. The invoice summaries also list three legal-assistant entries totaling 1.5 hours and $300: a February 10 docket download and review ($100), an August 6 compilation of settlement correspondence ($100), and an August 20 review of the fee calculation ($100). Id. at 1, 16–17.

Defendants state that they seek only Bitman's time. ECF No. 73 at 2. If these passport and assistant entries are excluded from the requested award, Plaintiff does not seek a second deduction for them. Their presence in the submitted billing record nevertheless heightens the need for a transparent reconciliation establishing precisely what entries comprise the 43.6 hours

requested. Plaintiff does not allege that the passport entry was intentionally included or that it establishes misconduct.

**B. The Reply Does Not Establish That Every Requested Bitman Hour Is Compensable**

Defendants argue that because Plaintiff did not object to each Bitman entry in his opposition, all 43.6 requested hours must be awarded. ECF No. 73 at 2. But the reply's argument assumes that the hours underlying the request have been accurately identified and reconciled; the records do not show that. Nor does the absence of an entry-by-entry objection relieve Defendants of their burden to document the hours claimed. The entries must be identified and supported sufficiently for the Court to determine whether they meet the governing standard.

If included within the requested 43.6 hours, Plaintiff asks Defendants to identify and justify the August 5 notice-of-appeal review; August 5–6 transcript items; July 28 CAA/arbitration entries; and work on the fee motion. ECF No. 62-1 at 14, 16–17. Plaintiff does not contend these tasks are automatically excluded merely because they occurred after dismissal or relate to other proceedings. Their compensability in this action must be shown, including under the causal limitation described in *Goodyear*.

**C. Counsel's Verification Cannot Substitute for Reliable Proof or Be Excused by an Unreconciled Claim of Clerical Error**

Defendants' reply characterizes the motion's instruction to calculate the lodestar using 38.5 hours as a "typo" and again asserts that the invoices substantiate 43.6 hours. ECF No. 73 at 2 & n.1. But identifying one figure as a typographical error does not reconcile the verified motion with the invoices submitted to support it. The invoice summaries report 45.2 Bitman hours, while Defendants request compensation for 43.6 hours. The reply does not identify the 1.6 hours

excluded, explain which entries comprise the requested amount, or supply a corrected accounting.

The earlier 38.5-hour figure is not an arbitrary number: it equals the Bitman hours reported in the invoices preceding the final invoice. Those hours yield $19,250 at the claimed $500 rate. The final invoice reports 6.7 additional Bitman hours and $3,350, but the requested award increases by only 5.1 hours and $2,550. These differences may have an explanation, including an exercise of billing judgment, but Defendants have not supplied it. Plaintiff does not contend that seeking less than the invoice total proves overbilling. He contends that the asserted 43.6-hour total cannot be accepted as substantiated without identifying the actual hours requested.

The Eleventh Circuit has expressly rejected treating fee applicants' statements—even sworn statements—as conclusive: "But giving weight to sworn statements of fee applicants does not mean accepting those statements as gospel. Courts should not delegate their duty to examine and judge the reasonableness of fee applications to the applicants." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 429–30 (11th Cir. 1999). *Barnes* also explains that "[u]nsupported assertions in a brief cannot substitute for evidence in the record." *Id.* at 436. Although *Barnes* involved statutory fees, its reasoning directly addresses Defendants' reliance on counsel's verification and their unsupported assertion that the invoices establish the requested total. The applicant bears the burden of establishing entitlement and documenting the appropriate hours and rates. *Id.* at 427; *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Plaintiff does not contend that one error automatically makes every statement by counsel untrustworthy, establishes perjury, or requires forfeiture of all fees. Rather, the Court should not accept counsel's disputed fee representations as conclusive where the objective billing records and the motion itself conflict. *Barnes* requires courts independently to examine fee applications

and holds that unsupported assertions in a brief cannot substitute for record evidence. 168 F.3d at 429–30, 436. By analogy only, *Anderson v. City of Bessemer City* recognizes the general principle that a factfinder may reject a factual account contradicted by objective evidence; it is not a fee-award case and does not establish a rule specific to attorney affidavits. 470 U.S. 564, 575 (1985). Here, the motion says to calculate using 38.5 hours but requests 43.6; Defendants' reply calls the 38.5-hour reference a typo and asserts that the invoices substantiate 43.6; and the invoice summaries described above total 45.2 Bitman hours, leaving the requested 43.6 unexplained. The applicant must reliably identify and support the hours actually requested. Plaintiff therefore seeks denial for failure of proof, while preserving his alternative requests for reconciliation or reduction.

The motion's actual verification states that its facts are true "to the best of my knowledge and/or information and belief." ECF No. 62 at 7. Plaintiff accurately describes this as a signed, qualified verification, not a separate unequivocal affidavit under penalty of perjury. Nevertheless, counsel cannot rely on the motion's verified status to establish reliability while dismissing material contradictions as clerical errors without providing the corrected factual basis for the amount sought. A verification does not reconcile arithmetic, identify omitted entries, or establish that each requested charge satisfies the governing compensatory standard.

Counsel's status as an officer of the Court calls for careful factual verification, not reduced scrutiny of a fee demand. Federal Rule of Civil Procedure 11(b) requires factual representations to rest on knowledge, information, and belief "formed after an inquiry reasonable under the circumstances," and Rule 11(b)(3) requires evidentiary support for factual contentions. These obligations apply when a paper is signed, filed, submitted, or later advocated. Plaintiff does not seek Rule 11 sanctions through this sur-reply or claim that an error alone establishes a violation.

The point is that counsel's professional status and signature are not substitutes for the reasonable inquiry and evidentiary support required of a submission seeking to impose $21,800 on an opposing party.

Dismissal with prejudice has already ended Plaintiff's claims in this action. Without questioning the correctness of the appealed order, Plaintiff submits that this is an exceptionally severe consequence for him. The prospect of an additional $21,800 obligation that he declares he cannot pay makes reliable proof particularly important. Plaintiff does not assert that the fee discrepancies caused the prior dismissal; they concern the separate, post-dismissal fee request now before the Court.

As discussed in Section II.A, Defendants represent that they seek only Bitman's time. ECF No. 73 at 2. Plaintiff does not seek a second deduction for the passport-research or legal-assistant entries if they are excluded. That representation, however, does not identify the Bitman entries comprising 43.6 hours or reconcile the competing totals.

Plaintiff therefore requests denial of the fee motion in its entirety because Defendants have not carried their burden to establish the requested award through a coherent, adequately supported submission. This request rests on failure of proof, not an unsupported accusation of dishonesty or a request to punish counsel. Plaintiff acknowledges that *Barnes* and *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983), permit judicial reductions and do not establish automatic forfeiture of all fees for numerical inconsistencies. If the Court declines outright denial, Plaintiff preserves his requests for a complete entry-by-entry reconciliation, exclusion of unsupported or noncompensable charges, consideration of his sworn financial circumstances, and discretionary deferral pending appeal.

**III. Plaintiff's Sworn Testimony and Medical Circumstances Should Be Considered**

The Eleventh Circuit has held that a court exercising its inherent power must consider the sanctioned party's financial circumstances. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337–38 (11th Cir. 2002). *Martin* explains that "[a] sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters." *Id.* at 1337. Plaintiff does not contend that inability to pay automatically eliminates compensatory fees; he asks the Court to consider his financial circumstances in determining whether an award is appropriate and, if so, its amount. Defendants' reliance on *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982), is distinguishable because *Durrett* concerned a statutory fee award under Title VII, not an inherent-power sanction.

Plaintiff's attached declaration under 28 U.S.C. § 1746 states that he is unemployed, continues to undergo treatment for cancer and post-traumatic stress disorder, and cannot pay the requested $21,800. Those sworn statements supply evidence beyond the assertion in his opposition that Defendants describe in their reply. Plaintiff states that letters from his treating physicians concerning his medical conditions were previously submitted in this action. [Before filing, verify and insert the exact ECF docket citation to those letters; if no accurate citation can be supplied, remove this sentence.] Plaintiff asks the Court to consider only properly identified medical materials together with his sworn declaration. Diagnoses alone do not establish inability to pay; Plaintiff's declaration separately states his unemployment and inability to pay. If the Court needs more information to assess his financial circumstances, Plaintiff requests a reasonable opportunity to supplement with verified financial records. No unverified estimates or amounts are offered.

In these circumstances, Plaintiff respectfully requests, as a matter of discretion and not as a categorical bar to compensatory fees, that the Court find the dismissal with prejudice already

imposed sufficient. An additional award that Plaintiff cannot pay would impose a burden he is unable to meet. Alternatively, the Court should substantially reduce any award in light of his circumstances and the evidence. Plaintiff recognizes that financial inability does not automatically eliminate fees.

## IV. In the Alternative, Defer Any Fee Determination Until the Appeal Is Resolved

Plaintiff recognizes that a pending appeal does not automatically deprive this Court of jurisdiction to decide a collateral fee matter. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 n.10 (11th Cir. 2012). Plaintiff requests discretionary deferral because the fee motion rests on the order that is on appeal. Deferral would avoid the possibility that the fee ruling must be revisited if the appellate court alters the underlying order.

The 1993 Advisory Committee Note to Federal Rule of Civil Procedure 54 explains that, when a merits appeal is taken, a district court may rule on fees, defer ruling, or deny a fee motion without prejudice and provide a new filing period after the appeal. This is illustrative only: Rule 54(d)(2)(E) excludes sanctions claims from the ordinary procedures in subparagraphs (A)–(D), and Plaintiff does not contend those procedures control this inherent-power sanction request.

If the Court declines to defer, Plaintiff asks it to decide the fee motion after considering his sworn declaration and any properly identified medical materials already submitted in this action. Plaintiff maintains his objections to the amount and supporting records stated in his opposition and the reconciliation and entry-identification issues addressed here.

## V. Requested Relief

Plaintiff respectfully requests that the Court:

1. Deny Defendants' motion for attorneys' fees in its entirety because Defendants' own submission, including its unreconciled claim of clerical error, does not reliably establish the hours and amount requested;
2. Alternatively, defer a decision on the motion as a matter of discretion until the pending appeal is resolved;
3. If the Court decides the motion now, require Defendants to provide a complete entry-by-entry reconciliation of the 38.5, 43.6, and 45.2 hours, identify the actual entries included in and excluded from the requested hours, and explain the differences among those totals;
4. Exclude any unrelated, excessive, redundant, unnecessary, or otherwise noncompensable charges actually included in the requested amount, and require Defendants to adhere to their representation that they seek only Bitman time;
5. Consider Plaintiff's medical circumstances, unemployment, ongoing treatment, and sworn inability to pay in determining whether an award is appropriate and, if so, its amount, and substantially reduce any award as appropriate;
6. If the Court finds the financial declaration insufficient, allow Plaintiff a reasonable opportunity to supplement financial evidence before setting the amount; and
7. Grant any other appropriate relief.

Respectfully submitted,

Dated: October 7, 2026

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**DECLARATION OF BRIAN EVANS UNDER 28 U.S.C. § 1746**

I, Brian Evans, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

8. I am the Plaintiff in this action and have personal knowledge of the facts stated in this declaration.

9. I am currently unemployed.

10. I continue to undergo medical treatment. My medical conditions include cancer and post-traumatic stress disorder. Letters from my treating physicians concerning my medical conditions have previously been submitted in this action.

11. I do not have the money to pay Defendants' requested attorneys' fee award of $21,800. I am unable to pay that amount.

12. I submit this declaration in support of my request that the Court deny the requested award, defer any decision until the pending appeal is resolved, or, at minimum, consider my inability to pay in determining whether to award fees and the amount of any award.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2026, at Hallandale Beach, Florida.

______________________________

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**CERTIFICATE OF CONFERRAL**

On October 7, 2026, Plaintiff attempted to confer with counsel for Defendants regarding leave to file the proposed sur-reply and accompanying declaration by email and telephone. Plaintiff had received ~~no reply~~ as of signing this certificate. – opposed. See Exhibit C.

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2026, I served a true and correct copy of the proposed sur-reply and accompanying declaration by first-class U.S. mail on counsel for Defendants at the address below.

Ronnie J. Bitman, Esq.

rbitman@bitman-law.com

Bitman O'Brien, PLLC

610 Crescent Executive Court, Suite 112

Lake Mary, FL 32746

________________________________

**Brian Evans, Plaintiff pro se**

2080 South Ocean Drive, #1505

Hallandale Beach, Florida 33009

(954) 214-3076

belasvegas@yahoo.com

# EXHIBIT B

**Attach a complete copy of the Court's August 4, 2026 Order, ECF No. 48, here.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20342-LEIBOWITZ/LOUIS**

**BRIAN EVANS,**

*Plaintiff,*

*v.*

**CHAD FITZGERALD and KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP,**

*Defendants.*

_________________________________________/

## ORDER DECLARING PLAINTIFF BRIAN EVANS A VEXATIOUS LITIGANT AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Brian Evans's "Motion for Leave to file Supplemental Exhibits and Limited Statement Regarding Personal Jurisdiction" [ECF No. 41] and his "Motion for Leave to File Notice of Supplemental Correspondence Relevant to Pending Jurisdictional Questions" [ECF No. 44] (the "Motions"). Defendants responded to the second motion, arguing that Plaintiff is a vexatious litigant who should be enjoined from filing further documents in this District without leave of court. [ECF No. 46]. Plaintiff replied, arguing that he is not a vexatious litigant, and that if anything, Defendants are. [ECF No. 47]. Plaintiff has already been warned by the undersigned and his colleagues that filing continued, vexatious papers in this Court will result in sanctions, including dismissal of this case with prejudice. [ECF No. 39]; *see, e.g.*, *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA, Paperless Order (ECF No. 14) (S.D. Fla. July 17, 2026) (Altman, J.) (noting Plaintiff's "frivolous filing clogs our docket and wastes scarce court resources"). After further review, the Court finds Plaintiff is a vexatious litigant. His serial, spurious filings have burdened this District for long enough.

This Court "has the jurisdiction to protect itself against the abuses that litigants like [Plaintiff] visit upon it." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *see Santana v. Frank Suzka Fam. Tr. Fund,* 2026 WL 1492775, at *3 (M.D. Fla. May 28, 2026) ("If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served. Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith."). Indeed, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F. 2d at 1073. The Eleventh Circuit has long approved the imposition of sanctions, including pre-filing restraints, to deter vexatious litigants from clogging the federal courts' dockets. *See Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

The Court must issue this order for three reasons.

First, as the Court noted in its July 10, 2026 order, Plaintiff's conduct in this case has been "aimed at unreasonably and vexatiously raising the costs of litigation for Defendants, this Court, and Magistrate Judge Louis." [ECF No. 39 at 2]. Plaintiff has now filed ***eleven*** meritless "notices of supplemental authority" or motions for leave to file supplemental authority—all of which, the Court notes, bear the indicia of AI-generated material. [ECF Nos. 18, 19, 21, 26, 30, 32, 35, 37, 38, 41, 44]. The July 10 order struck five of Plaintiff's "notices of supplemental authority" as vexatious, and warned him that "filing additional, vexatious notices of supplemental authority may result in monetary sanctions under 28 U.S.C. § 1927 and may result in dismissal of his case ***with prejudice*** and ***without further notice***." [ECF No. 39 at 2]. Plaintiff's latest Motions are just as spurious as the ones that came before them. [*See* ECF Nos. 41, 44].

Second, it appears this entire case is designed to harass Defendants. According to the Complaint, the case arises from a dispute between Plaintiff and Creative Artists Agency, LLC

Case 1:26-cv-20342-DSL Document 48 Entered on FLSD Docket 08/04/2026 Page 3 of 5

("CAA"). [*See* ECF No. 1]. Plaintiff, who lives in Florida, sued CAA and an individual in a separate lawsuit in this District. [ECF No. 1 at 5]; *see Evans v. Creative Artists Agency, LLC, et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025). CAA also initiated arbitration proceedings against Plaintiff in Los Angeles before the arbitration firm Signature Resolution. [*See* ECF No. 1-2 at 2–5]. In an email thread with Signature Resolution about the arbitration invoices, Defendant Chad Fitzgerald, a lawyer at Defendant Kinsella Holley Iser Kump Steinsapir LLP, argued arbitration was proper under an arbitration agreement between Plaintiff and CAA. [*Id.* at 2]. He also wrote that CAA had "not yet formally appeared in the Florida case and [had] moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction." [*Id.* at 5–6; ECF No. 1-2 at 1]. Plaintiff brought this lawsuit two weeks later, alleging Fitzgerald's email constituted "fraud on the judiciary" and that it harmed him to the tune of $5 million (though he fails to specify a single harm he suffered). [*See id.* at 7–11].

Third, and most important here, Plaintiff has filed no fewer than ***fifteen*** *pro se* cases in this District since 2025, all of which appear frivolous. *Evans v. Creative Artist Agency, LLC et al.*, No. 1:25-cv-25484-DPG (S.D. Fla. 2025); *Evans v. Hampton Beach Casino Ballroom, Inc. et al.*, No. 1:25-cv-25491-EGT (S.D. Fla. 2025); *Evans v. StubHub, Inc.*, No. 0:25-cv-61708-RS (S.D. Fla. 2025); *Evans v. Cerberus Capital Management, L.P. et al.*, No. 0:25-cv-62282-AHS (S.D. Fla. 2025); *Evans v. City National Bank*, No. 0:25-cv-62656-WPD (S.D. Fla. 2025); *Evans v. Citibank, N.A.*, No. 26-cv-23008 (S.D. Fla. 2026); *Evans v. Inter Miami CF, LLC*, No. 0:26-cv-60543-RS (S.D. Fla. 2026); *Evans v. Signature Resolution, LLC*, No. 0:26-cv-60779-JMS (S.D. Fla. 2026); *Evans v. Hawaiian Electric Industries, Inc. et al.*, No. 1:26-cv-20024-RKA (S.D. Fla. 2026); *Evans v. Fitzgerald et al.*, No. 1:26-cv-20342-DSL (S.D. Fla. 2026); *Evans v. Church of Scientology International et al.*, No. 1:26-cv-20389-BB (S.D. Fla. 2026); *Evans v. Signature Resolutions, LLC*, No. 1:26-cv-21451-CMA (S.D. Fla. 2026); *Evans v. Thompson*, No. 1:26-cv-24682-RKA (S.D. Fla. 2026); *Evans v. Citibank, N.A.*, No. 0:26-cv-61268-AHS (S.D. Fla. 2026); *Evans*

*v. United States of America et al.*, No. 1:26-cv-24244-EGT (S.D. Fla. 2026).

Filing lawsuits in federal court is not a hobby or an alternative to social media posting. Plaintiff's serial filings have wasted the time and resources of the undersigned, his colleagues, and the parties and attorneys forced to deal with them.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Brian Evans is a vexatious litigant pursuant to 28 U.S.C. § 1651(a). He is **ENJOINED** and **PROHIBITED** from filing any new document—including, but not limited to, any action, complaint, petition, motion, or notice—in the Southern District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

   a. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Evans must attach to each such motion: (i) a copy of any proposed complaint, petition, or other document; (ii) a copy of this Order; and (iii) a certification under oath that there is a good faith basis for filing any complaint, petition, or other document.

   b. If the senior Magistrate Judge's review results in a finding that Evans's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file the case and assign in according to the normal procedures.

   c. If the senior Magistrate Judge's review results in a finding that the action is frivolous, that action will not be filed with the Court but instead will be returned to Evans.

   d. Should Evans violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

2. The Complaint [**ECF No. 1**] is **DISMISSED WITH PREJUDICE**.

3. **No later than August 7, 2026**, Plaintiff shall file a copy of this Order in every case pending in this district in which he is a Plaintiff. Failure to do so may result in financial sanctions *without further notice.*

4. The *Clerk of Court* shall send a copy of this Order to all divisions of the Southern District of Florida.

5. The Clerk of Court is instructed to **CLOSE** this case. All deadlines are **TERMINATED** and all pending motions, if any, are **DENIED as moot**.

6. Defendants may file a motion for reasonable attorneys' fees by August 21, 2026.

**DONE AND ORDERED** in the Southern District of Florida on August 3, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

# EXHIBIT C

# Re: Subject: Conferral — Evans v. Fitzgerald, No. 1:26-cv-20342-LEIBOWITZ/LOUIS

From: Ronnie Bitman (rbitman@bitman-law.com)

To: belasvegas@yahoo.com

Cc: acrown@bitman-law.com

Date: Wednesday, October 7, 2026 at 03:48 PM EDT

Oppose

On Oct 7, 2026, at 3:46 PM, Brian Evans <belasvegas@yahoo.com> wrote:

Mr. Bitman,

I am writing to confer under Local Rule 7.1(a)(3) before filing a Motion for Leave to File Pursuant to Court Order.

The motion seeks leave to file a sur-reply in opposition to Defendants' motion for attorneys' fees, in response to your October 7, 2026 reply, ECF No. 73. The sur-reply addresses waiver, the difference between the amount discussed in conferral and the amount requested, and the claim that I failed to provide evidence of inability to pay. It is submitted under paragraph 1(a) of the Court's August 4, 2026 order, ECF No. 48.

Please advise by 5:00 p.m. today whether Defendants oppose the motion for leave. If I do not hear from you, I will state that I attempted to confer and received no response.

Brian Evans Plaintiff, pro se belasvegas@yahoo.com (954) 214-3076

**External Email. Please use caution when clicking on links or attachments.**